UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HETTIE ALCORN                                                                                               PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:10-CV-000284

ALICESON PEPPLES, *et al.*                                                                          DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on the motion of the Secretary of the United States Department of Health and Human Services ("the Secretary") to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (DN 8). For the reasons set forth herein, the Secretary's motion will be granted.

In April 2008, plaintiff Hettie Alcorn was involved in an automobile accident with defendant Aliceson Pepples. Alcorn clams she suffered injuries in excess of the personal injury limit on her insurance policy, and says that additional medical costs from the accident were covered by Medicare. Alcorn brought an action against Pepples in Jefferson County, Kentucky Circuit Court, and has apparently tried to join the Centers for Medicare and Medicaid Services (CMS)[1] as an indispensable party pursuant to Kentucky Rule of Civil Procedure 19.[2] Specifically, Alcorn seeks

---

[1] CMS is a federal agency under the auspices of the United States Department of Health and Human Services (DHHS). In the motion to dismiss, it is stated that the appropriate defendant is actually the Secretary of DHHS, Kathleen Sebelius. This conclusion is supported by the federal regulations governing judicial review of actions under the Medicaid Act. *See* 42 C.F.R. § 405.1136(d)(1). We will therefore refer to "the Secretary" in this opinion.

[2] It is not clear whether Alcorn filed a motion in the state court to do this; however, her complaint states that "CMC, Center for Medicaid and Medicare Services ("CMS") is an

continue...

"[a]n Order stating weather [sic] any medical services were paid for by CMS, and if so, that exact amount." The Secretary removed the action to this court pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1442(a)(1).

Medicare beneficiaries who receive so-called "conditional payments" from Medicare must, under certain circumstances, reimburse the Medicare Trust Fund. A conditional payment is made when a beneficiary's medical costs are likely to be covered by another source – such as a private insurance policy – but the alternative source is unable to pay "promptly." 42 U.S.C. §§ 1395y(b)(2)(B)(i)–(ii). Medicare covers the beneficiary's medical costs, subject to the condition that the beneficiary reimburse Medicare when the alternative source payment occurs. *Id.*

Alcorn states that she believes she may be subject to such a repayment obligation with respect to any settlement or judgment she receives as a result of the accident. She argues that the Secretary therefore has an interest in the outcome of the action, and must participate in the lawsuit against Pepples or relinquish all claims against any settlement. Alcorn claims that she is unable to reach a settlement or make a claim for special damages at trial without knowing the extent of her reimbursement obligation. The Secretary argues that she may not be joined in this action because Alcorn has not exhausted the administrative remedies set forth in the Medicare Act.[3]

---

[2]...continue
indispensible [sic] party pursuant to CR 19 et seq. as, it claims, it is the holder of a statutory lien against any recovery against Defendant." Compl. ¶ 3.

[3]The Secretary also argues that the doctrine of sovereign immunity precludes her involuntary joinder to this matter. We need not address this argument because, as we will explain, Alcorn's failure to exhaust her administrative remedies requires that we grant the Secretary's motion.

Federal courts may not exercise jurisdiction over claims arising under the Medicare Act except under the circumstances set forth in the Act itself. 42 U.S.C. § 405(h).[4] Pursuant to 42 U.S.C. § 405(g), an individual may bring a civil claim in federal court after the Secretary has made a final decision following a hearing.[5] Thus, the Medicare Act "demands the 'channeling' of virtually all legal attacks through the agency, . . . assur[ing] the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts . . ." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000).[6]

Here, Alcorn's claim with respect to the Secretary arises under the Medicare Act because it rests on the repayment obligations set forth under 42 U.S.C. § 1395y. She therefore must exhaust the administrative remedies established under the Medicare Act before this court may exercise subject matter jurisdiction over her claim. Alcorn has not yet received any settlement or judgment from Pepples, and therefore Alcorn's reimbursement obligation has not yet been triggered. *See Gobrecht v. McGee*, 249 F.R.D. 262, 263 (N.D. Ohio 2007) ("the obligation for reimbursement does not arise unless and until there has been a recovery by a beneficiary, one receiving the benefits of Medicare."). Because no reimbursement obligation has been established, the administrative process has not started, much less been exhausted. If Alcorn receives a settlement or judgment as a result

---

[4]The limitation set forth in 42 U.S.C. § 405(h) is applicable to Medicare pursuant to 42 U.S.C. § 1395ii.

[5]The right to judicial review set forth in 42 U.S.C. § 405(g) is made applicable to Medicare benefits determinations pursuant to 42 U.S.C. § 1395ff(b)(1)(A).

[6]In her brief, Alcorn cites *Bowen, Sec'y of Health & Human Svcs., et al. v. Mich. Acad. of Family Physicians, et al.*, 476 U.S. 667 (1986), apparently for the proposition that § 405(h) does not preclude judicial review of all actions arising under the Medicare Act. As the Secretary points out, reliance on this case is "misguided," because the exception carved out in *Michigan Academy* was eliminated by later amendments to the Medicare Act. *See Farkas v. Blue Cross & Blue Shield of Mich.*, 24 F.3d 853, 860 (6th Cir. 1994).

of the accident, and if the Secretary determines Alcorn must reimburse the Medicare Trust Fund, Alcorn may then challenge the amount determination with the Department of Health and Human Services. She may also lodge statutory, constitutional, or regulatory challenges to the reimbursement scheme, if she so chooses. However, she must do so through the procedures set forth in the Medicare Act. At this point, none of the conditions precedent to judicial review of Medicare Act-based claims have occurred, and this court lacks subject matter jurisdiction over this matter.[7]

The court will dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to the extent that it includes the Secretary as an involuntarily joined party or lodges any claims against the Secretary. The remainder of this action will be remanded to Jefferson County, Kentucky Circuit Court for want of federal jurisdiction.

A separate order will issue in accordance with this opinion.

---

[7]A number of other courts in this circuit have reached the same conclusion when faced with similar situations. *See, e.g.*, *Gobrecht*, 249 F.R.D. at 263 (holding that United States could not be involuntarily joined when plaintiff had not yet begun the administrative process, and therefore had not exhausted administrative remedies); *Walters v. Leavitt*, 376 F. Supp. 2d 746, 755–56 (E.D. Mich. 2005) (holding that court lacked jurisdiction where plaintiffs sought determination of reimbursement obligation); *Truett v. Bowman*, 288 F. Supp. 2d 909, 911–12 (W.D. Tenn. 2003) (holding that, although defendants sought "advance knowledge" of reimbursement obligation, administrative process still applied). *See also Hicks v. Chamberlain*, No. 10-144-DLB, 2010 WL 4226698 (E.D. Ky. Oct. 22, 2010).